FILED

United States Court of Appeals
Tenth Circuit

July 11, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

SALVADOR RAMIREZ,

     Defendant - Appellant.

No. 13-4015
(D.C. Nos. 2:12-CV-00274-TS and
2:09-CR-00784-TS-5)
(D. Utah)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Salvador Ramirez, a federal inmate appearing pro se, seeks a certificate of

appealability (COA) to challenge the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence. Because Mr. Ramirez

has not made "a substantial showing of the denial of a constitutional right," 28

U.S.C. § 2253(c)(2), we deny a COA and dismiss this appeal.

Mr. Ramirez was charged in a three-count superceding indictment with

manufacturing a controlled substance (marijuana) by cultivation, 21 U.S.C.

§ 841(a)(1) (Count 1); conspiracy to manufacture a controlled substance by

cultivation, 21 U.S.C. § 846 (Count 2); and possession of a firearm in furtherance

of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A) (Count 3). I R. 17–20. On

the day of trial, Mr. Ramirez pleaded guilty to each count of the indictment. Id. at 21–28; III R. 15, 18. The district court sentenced him to 180 months' imprisonment and 60 months' supervised release. III R. 304–07. Judgment was entered on February 25, 2011, and Mr. Ramirez did not appeal. Id.

On March 19, 2012, Mr. Ramirez filed his § 2255 motion alleging that counsel was ineffective for failing: (1) to file a notice of appeal; (2) to object to a lack of factual basis for the plea; (3) to object to conditions of supervised release; and (4) to challenge the quantity of marijuana. I R. 42–58. The district court denied the motion, finding that the first and third claims were barred by the appeal waiver in his plea agreement and the second and fourth claims failed on the merits. Ramirez v. United States, Civil No. 2:21-CV-274 TS, 2012 WL 6596380, at *1 (D. Utah Dec. 18, 2012). On appeal, Mr. Ramirez only seeks a COA on his second claim—that counsel was ineffective for failing to object to a lack of factual basis for his plea. Aplt. Br. 5.

A COA requires that an applicant make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

To prevail on a claim of ineffective assistance of counsel, the movant must demonstrate that (1) defense counsel's performance was deficient, meaning counsel's "representation fell below an objective standard of reasonableness" and (2) defendant was prejudiced by counsel's performance, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "These two prongs may be addressed in any order, and failure to satisfy either is dispositive." Hooks v. Workman, 689 F.3d 1148, 1186 (10th Cir. 2012) (citation omitted).

Mr. Ramirez argues that reasonable jurists could debate the district court's conclusion that counsel's performance was not deficient because there was a factual basis for his plea. Aplt. Br. 5. He contends, as he did before the district court, that he only admitted guilt to one prong of 18 U.S.C. § 924(c), but his plea wrongfully encompassed both prongs of the statute. Id. at 6–7. He also asserts that the district judge failed to apprise him of the elements of the offense before accepting his plea. Id. at 6.

Section § 924(c) provides an enhanced sentence for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, *or* who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c) (emphasis added). The offense is written in the disjunctive, and the government can establish guilt by satisfying either prong.

See United States v. Lott, 310 F.3d 1231, 1246 (10th Cir. 2002).  Mr. Ramirez points out that his indictment is phrased in the conjunctive: "defendant[] herein, did knowingly use and carry one of more of the . . . firearms and ammunition . . . *and* did possess one or more of the . . . firearms and ammunition."  I R. 19.  But we have previously held that an offense, written in the disjunctive, can be charged in the conjunctive, and proven in the disjunctive.  See Lott, 310 F.3d at 1246.

Our review of the record convinces us that a factual basis existed for the plea.  At the change of plea hearing, the court first advised Mr. Ramirez of the elements of the offense, and he indicated that he understood the charges against him.  I R. 32.  Mr. Ramirez then admitted that he "used or carried firearms during and in relation to the crimes charged."  Id. at 34.  The court proceeded to accept his plea to "Section 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime."  Id. at 35.  There was factual support for this plea because Mr. Ramirez expressly admitted that he engaged in conduct which violated § 924(c).  Accordingly, we do not find the district court's resolution of this claim reasonably debatable.

We GRANT IFP status, DENY a COA, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 4 -